# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| AMERICAN NATIONAL PROPERTY AND CASUALTY CO., <br><br> Plaintiff(s), <br><br> v. <br><br> ANATOLY MAKAROWSKI, et al., <br><br> Defendant(s). | Case No. 2:19-CV-1163 JCM (NJK) <br><br> ORDER |

Presently before the court is defendant Owen Simmons's ("Simmons") motion to dismiss. (ECF No. 7). Plaintiff American National Property and Casualty Co ("plaintiff") filed a response (ECF No. 10), to which Simmons did not reply.

## I.  Background

The instant action arises from a car accident between defendant and plaintiff's insured. (ECF No. 1). Plaintiff insures Margot Flores-Eberhart's 2004 Chevrolet Malibu. *Id.* The insurance policy covers Ms. Flores-Eberhart, as well as people using the insured car within the scope of her permission. *Id.* Anatoly Makarowski took Ms. Flores-Eberhart's Chevrolet, allegedly without permission, and was involved in a car accident with defendant and Beverly Diane Wooten-Roberson. *Id.* Wooten-Roberson had one passenger, Charles Hill. *Id.*

Simmons, Wooten-Roberson, and Hill filed bodily injury claims as a result of the accident. *Id.* Plaintiff investigated the facts of the case and concluded that there was no coverage under the policy because Makarowski took the car without permission. *Id.* However, Simmons, Hill, and Wooten-Roberson filed negligence actions in the Eighth Judicial District

**James C. Mahan**
**U.S. District Judge**

Court. *See Owen Simmons v. Anatoly Makarowski*, case no. A-18-783794-C; *Charles Hill, et al. v. Anatoly Marakowski, et al.*, case no. A-19-791124-C.

Plaintiff filed the instant action seeking a declaration of its obligations—or, rather, the lack thereof—under the policy as a result of the accident.

**II.     Legal Standard**

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, federal subject matter jurisdiction must exist at the time an action is commenced. *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004).

Federal Rule of Civil Procedure 12(b)(1) allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984–85 (9th Cir. 2008).

Although the defendant is the moving party in a 12(b)(1) motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court to survive the motion. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). More specifically, the plaintiff's pleadings must show "the existence of whatever is essential to federal jurisdiction, and, if [plaintiff] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

In moving to dismiss under Rule 12(b)(1), the challenging party may either make a "facial attack," confining the inquiry to challenges in the complaint, or a "factual attack" challenging subject matter on a factual basis. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). For a facial attack, the court assumes the truthfulness of the

**James C. Mahan
U.S. District Judge**

allegations, as in a motion to dismiss under Rule 12(b)(6). *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1559 (9th Cir. 1987). By contrast, when presented as a factual challenge, a Rule 12(b)(1) motion can be supported by affidavits or other evidence outside of the pleadings. *United States v. LSL Biotechs.*, 379 F.3d 672, 700 n.14 (9th Cir. 2004) (citing *St. Clair v. City of Chicago*, 880 F.2d 199, 201 (9th Cir. 1989)).

**III.    Discussion**

The Declaratory Judgment Act "gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *Public Affairs Associates v. Rickover,* 369 U.S. 111, 112, (1962). The Declaratory Judgment Act provides, in relevant part, as follows:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). Thus, by the plain terms of the act, the court "must first inquire whether there is an actual case or controversy within its jurisdiction." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005) (citing *American States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994)).

"If the suit passes constitutional and statutory muster, the district court must also be satisfied that entertaining the action is appropriate." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998). "This determination is discretionary, for the Declaratory Judgment Act is 'deliberately cast in terms of permissive, rather than mandatory, authority.'" *Id.* (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 250 (1952) (J. Reed, concurring)).

The court "must decide whether to exercise its jurisdiction by analyzing the factors set out in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942), and its progeny." *Principal Life Ins. Co.*, 394 F.3d at 669. These factors include: (1) avoiding needless determination of state laws; (2) discouraging litigants from filing declaratory actions as a means of forum shopping; and (3) avoiding duplicative litigation. *See, e.g., Principal Life Ins. Co.*, 394 F.3d at 672; *Gov't*

- 3 -

*Employees Ins. Co.*, 133 F.3d at 1225; *Continental Casualty Co. v. Robsac Indus.*, 947 F.2d 1367, 1371–73 (9th Cir. 1991).

"When a party requests declaratory relief in federal court and a suit is pending in state court presenting the same state law issues, there exists a presumption that the entire suit should be heard in state court." *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366–67 (9th Cir. 1991) (citing *Brillhart*, 316 U.S. at 495). This is particularly true when the only claim that the plaintiff brings is under the Declaratory Judgment Act. *See Snodgrass v. Provident Life & Acc. Ins. Co.*, 147 F.3d 1163, 1167-68 (9th Cir. 1998) (per curiam). In such cases, the court has a compelling reason to let state courts resolve issues of state law. *See, e.g., Continental Casualty Co.*, 947 F.2d at 1371 ("Moreover, this case involves insurance law, an area that Congress has expressly left to the states through the McCarran-Ferguson Act. 15 U.S.C. §§ 1011–12 (1988).").

Although plaintiff correctly notes that it has invoked diversity jurisdiction when filing the instant case, diversity jurisdiction simply satisfies the first prong of this court's analysis. The court must determine whether it would be appropriate in light of the *Brillhart* factors to entertain the instant action while the underlying state-court negligence case proceeds. This inquiry is particularly necessary because "[w]here, as in the case before us, the sole basis of jurisdiction is diversity of citizenship, the federal interest is at its nadir." *Id.* at 1371.

Here, plaintiff argues that the *Brillhart* factors do not warrant dismissal because there is no parallel state action, the underlying state-court action is not identical to the instant case, and that plaintiff "is neither a party to the pending state action, nor is the state action centered around [plaintiff]'s obligations pursuant to the [p]olicy." (ECF No. 10 at 2). Plaintiff's argument is unavailing.

First, the court notes that this case—like the case in *Continental Casualty Co.*—involves insurance law, "an area that Congress has expressly left to the states through the McCarran-Ferguson Act. 15 U.S.C. §§ 1011–12 (1988)." 947 F.2d at 1371. Despite plaintiff's contention to the contrary, there is a parallel proceeding in state court: the negligence action regarding the plaintiff's insured's car. Plaintiff suggests that the claims and parties must be entirely identical

- 4 -

in order for discretionary dismissal to be appropriate. But plaintiff's obligations under the policy must be determined only because plaintiff is potentially liable to Simmons for damages sustained in the underlying accident. Once again, *Continental Casualty Co.* is instructive. The Ninth Circuit in *Continental Casualty Co.* held as follows:

> Often an insurer has brought a declaratory judgment action in federal court against its insured in order to obtain a ruling as to its obligations in relation to a state court action by a third party against the insured. Although the insurer would have been unable to remove the state court action to federal court in most cases due to lack of complete diversity under 28 U.S.C. § 1441(b), there was diversity jurisdiction in the suit for declaratory relief because the insurer and insured were citizens of different states. the ripeness requirement of Article III's "case or controversy" clause precludes the insurer's obtaining a declaratory judgment with respect to its *liability* to the insured in such cases because "the federal relief sought may hinge upon the outcome of state court actions."

*Id.* at 1371–72 (quoting *Ticor Title Ins. Co. of Cal. v. American Resources, Ltd.*, 859 F.2d 772, 777 n.7 (9th Cir. 1988)). Thus, the Ninth Circuit concluded that "[a] declaratory judgment action by an insurance company against its insured during the pendency of a non-removable state court action presenting the same issues of state law is an archetype of what we have termed 'reactive' litigation." *Id.* at 1372.

Like in *Continental Casualty Co*, plaintiff filed this action seeking declaratory judgment on the basis of diversity—without asserting any other claims—when the underlying case could not have been removed. Although plaintiff is not a party to the underlying case, a declaration of plaintiff's obligations under the policy are best addressed by the state court action that will determine liability for the underlying car accident. Plaintiff's tactical decision to litigate in a federal forum by filing the instant suit is necessarily "reactive" litigation. Accordingly, dismissal is warranted because there is a presumption in favor of the state court resolving issues of state law.

Accordingly, Simmons's motion to dismiss is granted.

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

- 5 -

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Simmons's motion to dismiss (ECF No. 7) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's declaratory judgment claim be, and the same hereby is, DISMISSED.

The clerk is instructed to enter judgment and close the case accordingly.

DATED February 14, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**